Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4223 | **DATE** | 7/7/2011 |
| **CASE TITLE** | Norman vs. Lutheran Child & Family Servs. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's application to proceed *in forma pauperis* [4] is granted and the Court requests that the U.S. Marshals Service effectuate service of Plaintiff's complaint [1]. Plaintiff's motion for appointment of counsel [5] is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.Notices mailed by Judicial staff.

## STATEMENT

Along with the complaint [1], Plaintiff Charlotte Norman has filed an application for leave to proceed *in forma pauperis* [4] and a motion for appointment of counsel [5]. In her application and financial affidavit, Plaintiff avers that she is currently unemployed, has modest income from social security, and no equity in her home. Based on those representations, the Court grants Plaintiff's application for leave to proceed *in forma pauperis* [4] and requests that the U.S. Marshals Service effectuate service of Plaintiff's complaint [1] on Defendant. See Fed. R. Civ. P. 4(c)(3).

Plaintiff's motion for appointment of counsel [5] is denied without prejudice. Indigent parties in civil rights actions who are unable to obtain an attorney may apply to the court for appointment of counsel under 28 U.S.C. § 1915(e)(1). However, civil litigants have no constitutional or statutory right to counsel in federal court. See *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).

In deciding whether to appoint counsel, a court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try the case herself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656 (relying on *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). The court should consider the capabilities of the plaintiff to litigate her own case in deciding whether to appoint counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc).

## STATEMENT

Upon consideration of the pertinent factors, the Court concludes that appointment of counsel is not warranted at this time. Although Plaintiff appears to have made at least some effort to obtain counsel on her own, the Court cannot determine at this early stage of the case whether Plaintiff would be capable of litigating this case or whether assistance of counsel would provide a substantial benefit to the Court or to the parties. At present, the case appears to involve straightforward allegations of employment discrimination. Therefore, Plaintiff's motion for appointment of counsel [5] is denied without prejudice. Plaintiff may renew the motion – and, indeed, the Court may reconsider the issue of appointment of counsel on its own motion – after Defendant files a responsive pleading or at any later stage of the case if it appears that the standards set forth in *Pruitt* and *Gil* are satisfied.

*[Signature]*